IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:18-CR-181-FL-1

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DAVID CHRISTOPHER STUART, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion for compassionate release (DE 53) pursuant to 18 U.S.C. § 3582(c)(1)(A). The government did not respond to the motion and in this posture the issues raised are ripe for ruling.

**COURT'S DISCUSSION**

With limited exceptions, the court may not modify a sentence once it has been imposed. 18 U.S.C. § 3582(c). One exception is the doctrine of compassionate release, which permits sentence reductions in extraordinary and compelling circumstances. As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now permits a defendant to file motion for compassionate release in the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239.

The court may reduce a defendant's term of imprisonment if it finds "extraordinary and compelling reasons" warrant a sentence reduction, then considers the applicable factors in 18 U.S.C. § 3553(a), and ultimately concludes that "the reduction is consistent with applicable policy

statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); <u>United States v. Kibble</u>, 992 F.3d 326, 330 (4th Cir. 2021); <u>see also</u> <u>United States v. McCoy</u>, 981 F.3d 271, 275–76 (4th Cir. 2020). Although nonbinding for defendant-filed motions for compassionate release,[1] U.S.S.G. § 1B1.13 provides the following "helpful guidance" for determining whether a defendant has established extraordinary and compelling reasons for compassionate release:

(A) <u>Medical Condition of the Defendant</u>.

> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) The defendant is
>
>> (I) suffering from a serious physical or medical condition,
>>
>> (II) suffering from a serious functional or cognitive impairment, or
>>
>> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) <u>Age of the Defendant</u>. The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) <u>Family Circumstances</u>.

> (i) The death or incapacitation of the caregiver of the defendant's

---

[1] The Sentencing Commission has not adopted a policy statement applicable to motions for compassionate release filed directly by defendants. <u>Kibble</u>, 992 F.3d at 330–31; <u>McCoy</u>, 981 F.3d at 281–83.

>               minor child or minor children.
>
>                       (ii) The incapacitation of the defendant's spouse or registered
>               partner when the defendant would be the only available caregiver for the
>               spouse or registered partner.
>
>       (D) <u>Other Reasons</u>.   As determined by the Director of the Bureau of Prisons, there
>               exists in the defendant's case an extraordinary and compelling reason other
>               than, or in combination with, the reasons described in subdivisions (A) through
>               (C).

U.S.S.G. 1B1.13, cmt. n.1; <u>McCoy</u>, 981 F.3d at 282 n.7 (explaining U.S.S.G. § 1B1.13 remains "helpful guidance" even for defendant-filed motions).

Here, defendant requests compassionate release because he contracted COVID-19 while in custody. Defendant, however, has fully recovered from any such infection. To the extent defendant is arguing that he is at risk of future infection, he provides no evidence supporting his assertion that he suffers from underlying health conditions that increase his risk of developing severe COVID-19 disease. <u>See</u> <u>United States v. High</u>, 997 F.3d 181, 185 (4th Cir. 2021) ("The underlying arguments for release from prison based on the coronavirus pandemic depend at least on allegations that the risk of contracting COVID-19 in a prison is higher than the risk outside the prison."). Furthermore, defendant can mitigate any risk of infection or developing severe disease by accepting the COVID-19 vaccine. <u>United States v. Salas</u>, No. 22-6371, 2023 WL 3918695, at *2 (4th Cir. June 9, 2023) ("The district court reasonably concluded that Salas's moderate (and very common) risk factors combined with his vaccinations did not present an extraordinary and compelling reason for his release."); <u>see also</u> <u>United States v. Broadfield</u>, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer relief far more effective than a judicial order. [For most such prisoners], the availability of a vaccine makes it impossible to

3

conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release."). In these circumstances, defendant has not established extraordinary and compelling reasons for compassionate release.

**CONCLUSION**

Based on the foregoing, defendant's motion for compassionate release (DE 53) is DENIED.

SO ORDERED, this the 7th day of July, 2023.

LOUISE W. FLANAGAN
United States District Judge